UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BYRON LEVON CANADA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. 2:15-cv-00383-WTL-DKL |
| STEVEN JULIEN WARDEN/CEO, | ) ) ) |
| Defendant. | ) |

**Entry Discussing Motion to Dismiss**

Byron Canada is a 68-year old inmate currently being housed at the Federal Prison Camp in Terre Haute, Indiana. Canada's projected release date is January 14, 2018, but he applied for early, compassionate release under 18 U.S.C. § 3582 (c)(1)(A). The Warden denied his request and Canada has now sued requesting that the Court order the Warden to "Grant CANADA Compassionate Release/Reduction in Sentence Based on Non-Medical Circumstances for Elderly Inmates." (Docket No. 10.)

The defendant moves to dismiss arguing that this Court lacks subject matter jurisdiction to grant compassionate relief because the Director of Bureau of Prisons ("BOP") has not filed a motion requesting the relief. The defendant also argues that the BOP's decision not to file a § 3582(c)(1)(A) motion on Canada's behalf is purely discretionary and is not reviewable. Finally, the defendant argues that 18 U.S.C. § 3582 (c)(1)(A) does not create a cognizable liberty interest and, therefore, Canada has not stated a claim for relief under the Fifth Amendment to the United States Constitution. Canada has responded and the defendant has replied. For the following reasons, the motion to dismiss [dkt 34] is **granted**.

## I. Standard of Review

The defendant moves to dismiss Canada's claims under Rules 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure*.

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court must accept as true all well-pled factual allegations and draw reasonable inferences in favor of the plaintiff. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). The plaintiff has the burden of supporting the jurisdictional allegations in its Complaint by competent proof. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). As the party asserting federal jurisdiction, the plaintiff also has the burden of showing that the United States has waived its sovereign immunity with respect to its claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); Fed. R. Civ. P. 12(b)(1).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels

and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## II. Background

As the standard of review requires, the facts contained in the Complaint are presumed as true for purposes of this motion to dismiss. On December 9, 2010, Byron Canada was sentenced in the Northern District of Indiana to a total term imprisonment term of 135 months.[1] In February of 2015, Canada submitted a request for compassionate release to his Case Counselor, Mr. English. In his request, Canada explained that he had experienced two medical episodes since being incarcerated. One occurred in October 2011 when Canada had a pacemaker implanted while incarcerated in Ashland, Kentucky. The other occurred in 2013 or 2014 when Canada had two cysts removed and then was treated with antibiotics for a subsequent infection. Canada also reported that he suffered from gout. Canada requested compassionate release under Program Statement 5050.49(4)(b), Elderly Inmates with Medical Conditions. Canada's request was

---

[1] The Court may take judicial notice of the cited Court of Appeals decisions and dockets. *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (federal courts can take judicial notice of the decisions of federal and non-federal courts); *Matthews v. Capital One Bank*, 2008 U.S. Dist. LEXIS 90157, *5, 2008 WL 4724277 (S.D. Ind. 2008) (taking judicial notice of docket).

submitted to the Warden, FCC – Terre Haute. Then-Warden LaRiva responded to the request in writing, stating that "[w]e will not be pursuing a request for compassionate release in your case." Warden LaRiva explained that although Canada suffered from various health issues, he did not meet the medical criteria for compassionate release. Specifically, LaRiva explained that Canada was not "experiencing deteriorating mental or physical health that substantially diminishes [his] ability to function in a correctional facility" therefore, a reduction in sentence was not appropriate. LaRiva also determined that Canada did "not have cognitive deficits which affect [his] activities of daily living."

Canada then appealed this denial to the Regional Office. Canada complained that although his request was for "non-medical" reasons, he was denied consideration "for medical reasons." The Regional Office rejected Canada's appeal because he did not attach the proper documentation. (directing Canada to provide a copy of the BP-9 form and denial.) Canada resubmitted his appeal to the Regional Office, but it was again rejected because he did not include the proper documentation. Canada was notified that if he was dissatisfied with this response, he could appeal to the General Counsel within 30 calendar days of the date of the response. Canada does not allege or provide documentation showing that he appealed the rejection to the General Counsel. He instead alleges that he was precluded from appealing the Regional Office's decision because he was not provided the proper documentation.

On November 13, 2015, Canada filed suit against the FCI – Warden under the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment to the United States Constitution. In his Amended Complaint, Canada requests that the Court grant him a compassionate release/reduction in sentence based on non-medical circumstances for elderly inmates.

## III. Discussion

A. *Lack of Subject Matter Jurisdiction*

The defendant moves to dismiss arguing that this Court lacks subject matter jurisdiction over his request for an order directing that he is entitled to compassionate release. The Court may modify a sentence only 1) pursuant to Rule 35 of the *Federal Rules of Criminal Procedure*; 2) upon a motion from the Director of the BOP; or 3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. *See* 18 U.S.C.A. § 3582(c). *See Engle v. United States*, 126 Fed. Appx. 394, 2001 WL 1356205 (6th Cir. 2001) (holding that district court lacks jurisdiction to grant compassionate relief where Director of Bureau of Prisons has not filed a motion requesting relief); *Morales v. United States*, 353 F.Supp.2d 204 (D. Mass. 2005) (district court does not have authority to modify sentence absent motion from Bureau of Prisons); *Braswell v. Gallegos*, 82 Fed. Appx. 633, 635 fn.2 (10th Cir. 2003) ("we lack jurisdiction to consider Mr. Braswell's request that the Colorado federal district court order the Director to file such a [§ 3582(c)(1)(A)(i)] motion in the appropriate Alaska court, and are unaware of any legal authority allowing this court or any court to make such a directive."). Because Canada is not seeking a modification of his sentence in any the three circumstances described above, this Court lacks jurisdiction to entertain his request for modification.

B. *Administrative Procedures Act*

In response to the defendant's argument that this Court lacks jurisdiction over his request for compassionate release, Canada argues that he is not attempting to obtain a modification of his sentenced by this Court, but is instead bringing his claim under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), for review of the agency's action denying his request. But Canada does not

seek an order from the Court requiring the BOP to re-process his administrative request for compassionate release, which he argues would be "futile."

The defendant argues that to the extent Canada claims that the Warden's decision not to file a motion for reduction in sentence on Canada's behalf is arbitrary and capricious, and is asking the Court to order the BOP to file a compassionate release motion with the sentencing court, this Court lacks the authority to grant the requested relief. The BOP's decision to file a motion or not file a motion under § 3582(c)(1)(A) is entirely discretionary and not subject to judicial review. *See Turner United States Parole Comm'n*, 810 F.2d at 613, 615 (7th Cir. 1987).

In 2014, the Seventh Circuit addressed an inmate's challenge to the BOP's decision to deny compassionate relief brought under the Administrative Procedure Act (APA), 5 U.S.C. § 701(a)(2). *DeLuca v. Lariva*, 586 Fed.Appx. 239 (7th Cir. 2014). The Court held that while the APA was normally the appropriate vehicle to contest a decision about the "opportunity to be considered for release," the BOP's decision not to move the sentencing court to reduce the inmate's sentence is a judicially unreviewable decision. *Id.* at 240-41 (citing *Turner*, 810 F.2d at 613, 615). For this reason, the plaintiff failed to state a claim under the APA for which his requested relief could be granted. *Id.* at 241; *see also Hendricks v. President U.S.*, 575 Fed. Appx. 19 (3d Cir. 2014) (affirming dismissal of § 2241 petitions to grant compassionate release for lack of jurisdiction where prisoners complained that BOP failed to provide them with a compassionate release request packet upon request and that, when they created and submitted their own, the BOP took no action on them); *Crowe v. United States*, 430 Fed. Appx. 484 (6th Cir. 2011) (collecting cases); *Williams v. Van Buren*, 117 Fed. Appx. 985, 987 (5th Cir. 2004) (holding BOP's policy of generally restricting compassionate release to inmates who have been diagnosed with medical conditions that are terminal within one year, or who suffer from severely debilitating and irreversible

conditions that render them unable to provide self-care, is not subject to challenge under the APA); *Hubbs v. Dewalt*, No. 05-CV-512-JBC, 2006 WL 1232895, at *4 (E.D. Ky. May 8, 2006) ("The BOP's policy of generally restricting compassionate release only to these [terminally ill] inmates . . . is exempt from the notice and comment rulemaking procedures of the APA."). Because the BOP's decision not to file a motion for compassionate release on Canada's behalf is judicially reviewable, he cannot obtain relief under the APA.

### C. *Fifth Amendment*

Finally Canada claims that he has stated a claim under the Fifth Amendment. The defendant argues that this allegation fails to state a claim upon which relief may be granted as a matter of law because a prisoner has no liberty interest in discretionary release from prison before the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (holding "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); *Moody v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (a prisoner does not have a liberty or property interest in participating in a prison rehabilitation program); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) ("A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence."). Because there is no due process right to be released before his sentence has expired, Canada has failed to state a claim upon which relief may be granted under the Fifth Amendment.

### IV. Conclusion

This Court has no jurisdiction to modify Canada's sentence. In addition, Canada has failed to state a claim for relief under the APA or the Fifth Amendment. Accordingly, Canada's complaint must be **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/7/16

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BYRON LEVON CANADA
17737-038
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All electronically registered counsel